FILED

2013 Oct-08  PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CITY OF BIRMINGHAM,        }
                              }
      **Plaintiff,**        }
                              }
**v.**                            }      **Case No.  2:13-CV-01841-RDP**
                              }
**WILLIS H. HENDRIX,**      }
                              }
      **Defendant.**      }

## <u>MEMORANDUM OPINION</u>

This matter is before the court on the Notice of Removal (Doc. # 1) filed by Defendant Willis H. Hendrix.

Federal courts have limited subject matter jurisdiction, and are empowered to decide only certain types of cases. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000).  Removal statutes are to be construed narrowly, and jurisdictional uncertainties are to be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Ordinarily, federal courts are loath to articulate litigants' legal arguments for them.  However, the court is compelled to remand any action that was improperly removed.  *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action *sua sponte* if subject matter jurisdiction is lacking); *see also Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir.2007) *(*where subject matter jurisdiction is in doubt, "[f]ederal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* ... .").  For these reasons, the court independently examines whether this case was properly removed.

Defendant's Notice of Removal states, in its totality, "Want Case No. CV 2013 00704  ... Removed from Circuit Ct. Jefferson County to Fed. Court Northern Dist of Ala."  The Notice states

no basis for the removal.  The party seeking removal bears the burden of proving proper federal jurisdiction.  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Defendant, the removing party, has made no showing that this court has subject matter jurisdiction.

An action filed in state court is removable to federal court where the federal court would have federal question or diversity jurisdiction.  28 U.S.C. § 1441(a).  Diversity jurisdiction exists when the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Plaintiff is the City of Birmingham, an Alabama citizen.  Defendant also appears to be an Alabama citizen.  He apparently owns property in the City of Birmingham, and was served in Brookwood, Alabama.  (Doc. # 1).  Furthermore, the removal papers in no way suggest that the requisite jurisdictional amount is at issue.  (Doc. # 1).  Thus, the removal papers do not establish diversity jurisdiction.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).  No federal question is presented by Plaintiff's Complaint.  The Complaint states that it is filed pursuant to Alabama law and asserts that Defendant is in violation of a City Ordinance.  (Doc. # 1).  Therefore, no federal question is presented on the face of the Complaint.

Defendant simply has not met his burden of demonstrating that this court has subject matter jurisdiction.  Therefore, this case is due to be remanded.  A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this _____8th_____ day of October, 2013.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE